UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| SHEILA R. WILLIAMS, et al | CIVIL ACTION NO. 14-0069 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| LEGENIA A. KILGO | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is defendant, Legenia A. Kilgo's motion to dismiss, **Doc. #4**, referred to me by the district judge for Report and Recommendation. The motion seeks dismissal based on lack of personal jurisdiction over the defendant.

### Background

Plaintiff, Sheila R. Williams, is the widow of David Williams, a long haul trucker; plaintiff Dawn Lacroix is his surviving sister. Plaintiffs allege that defendant, Legenia A. Kilgo of Alabama, is the former girlfriend of David Williams with whom he had an extramarital affair over a period of 2 to 3 years. Plaintiffs allege that when David Williams ended the relationship in March 2012, defendant embarked on a pattern of harassment and slander resulting in mental distress for plaintiffs and for David Williams who it is alleged, took his own life in August 2012 due to resulting depression. Specifically, plaintiffs allege that defendant intentionally inflicted emotional distress upon them and upon David Williams by posting untrue accusations of infidelity, drug addiction and gambling addiction on the part of Sheila Williams on a website concerning the community of Montgomery, Louisiana. Plaintiffs also allege that defendant published a "rambling defamatory

1

fax"[1] which was sent to multiple persons and businesses in Montgomery, Louisiana. The defendant's actions are alleged to have resulted in mental distress and loss of reputation to plaintiffs and to David Williams and lost profits for the William's business, a grocery store in Montgomery. Plaintiffs seek damages.

Defendant filed the instant motion to dismiss asserting that this court has no personal jurisdiction over her. Defendant attached an affidavit to her motion attesting, among other things, that she has not been in Louisiana in the last ten years, her only contacts with Louisiana have been receiving several phone calls and text messages from Louisiana phone numbers, she never wrote any documents to be published in Montgomery, Louisiana, never sent faxes to the various businesses or persons alleged, and did not post defamatory information on the internet site. Plaintiffs counter with their own affidavits and the affidavits of persons on behalf of the various businesses which received the faxes. Plaintiff, Sheila Williams describes multiple telephone conversations with the defendant and threats defendant made to her including the threat that she would send out "more dirt on me and David". Dawn Lacroix's affidavit attests that David Williams confirmed to her that he was having an affair with Legenia Kilgo. She also states that she confirmed the faxed letter was received by multiple Montgomery, Louisiana businesses. The affidavits of the businesses confirm their receipt of the faxes. The 8 page fax begins:

"Hello, Montgomery, Louisiana. I was David William's girlfriend."

## Law and Analysis

The plaintiff carries the burden of making a *prima facie* showing that the defendants have meaningful contacts with the forum state. Luv N' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 564, 469

---

[1] The fax is attached to the various exhibits attached to doc. #9.

(5th Cir. 2006), quoting Wyatt v. Kaplan, 686 F.3d 276, 280 (5th Cir. 1982). The court may consider the entire record, but plaintiff's allegations in the complaint must be taken as true unless controverted by affidavit. Where conflicts exist, resolution must be made in favor of the plaintiff. See Revell v. Lidov, 317 F.3d 467, 469 (5th Cir.2002), quoting Alpine View Co., Ltd. v. Atlas Copco AB, 205 F3d 208, 215 (5th Cir. 2000).

Federal courts in Louisiana may exercise jurisdiction over a non-resident defendant only to the extent allowed by Louisiana's Long Arm statute and as consistent with due process. Stripling v. Jordan Production Co., LLC, 234 Fed. 3d 863 (5th C. 2000). Louisiana's long arm statute extends jurisdiction to the constitutional limits of due process. La. R.S. 13:3201(B).[2] Burstein v. State Bar

---

[2] Louisiana's long arm statute provides:

"§3201. Personal jurisdiction over nonresidents
A. A court may exercise personal jurisdiction over a nonresident, who acts directly or by an agent, as to a cause of action arising from any one of the following activities performed by the nonresident:
(1) Transacting any business in this state.
(2) Contracting to supply services or things in this State.
(3) Causing injury or damage by an offense or quasi offense committed through an act or omission in this State.
(4) Causing injury or damage in this state by an offense or quasi offense committed through an act or omission outside of this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives revenue from goods used or consumed or services rendered in this state.
(5) Having an interest in, using or possessing a real right on immovable property in this state.
(6) Non-support.
(7) Parentage.
(8) Manufacturing of a product or component thereof which caused damage or injury in this state.

3

of California, 693 Fed.2d 511 (5th C. 1982).  Jurisdiction consistent with due process exists where the defendant has purposely availed himself of the benefits and protections of the forum state by establishing "minimum contacts" with the forum state, and the exercise of jurisdiction over that defendant does not offend "traditional notions of fair play and substantial justice." Mink v. AAAA Development LLC, 190 Fed. 3d 333, 336 (5th C. 1999) (quoting International Shoe., supra).

As the Fifth Circuit explained in Luv n' Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465 (5th C. 2006), the Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction in personam of a non-resident defendant unless the defendant has meaningful "contacts, ties, or relations" with the forum state. Int'l Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Minimum contacts may be established either through contacts sufficient to assert specific jurisdiction or contact to assert general jurisdiction. Alpine View Co. Ltd. v. Atlas Coco AB, 205 Fed. 3d 208, 214 (5th C. 2000). Where a defendant has "continuous and systematic general business contacts" with the forum state,  Helicopteros Nacionales de Colombia, S.A. v. Hall, 415, 104 S.Ct. 1868,  (1984), the court may exercise "general" jurisdiction over any action brought against that defendant. Id. at 414, 104 S.Ct. 1868 n. 9.FN2 Where contacts are less pervasive, the court may still exercise "specific" jurisdiction "in a suit arising out of or related to the defendant's contacts with the forum." Id. at 414, 104 S.Ct. 1868  n. 8.

---

B. In addition to the provisions of Subsection A, a court of this state may exercise personal jurisdiction over a nonresident on any basis consistent with the constitution of this state and of the constitution of the United States."

Where a non-resident defendant has "purposely directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities" are the defendants' contacts sufficient to support the exercise of specific jurisdiction over that defendant. Burger King v. Rudzewicz, 105 S. Ct. 2174 (1985). Stated differently, specific jurisdiction exists where a defendant 'purposely avails itself of the privileges of conducting activities within the forum state, thus invoking the benefits of its laws." Dickson Marine, Inc. v. Panalpina, Inc. 179 Fed. 3d 331 (5th C. 1999).

In this case, plaintiffs have not attempted to show, by affidavit or otherwise, any history of continuous and systematic contacts between the non-resident defendant and Louisiana. The only transactions shown are the "several" telephone calls and text messages received from Louisiana phone numbers. I find that there are not continuous, systematic contacts sufficient to invoke general personal jurisdiction over defendant in Louisiana. [3]

In regard to specific jurisdiction, the Fifth Circuit has adopted a three part test: 1) whether the defendant purposefully directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there, 2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts, and 3) whether the exercise of personal

---

[3] The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.' See Burger King v. Rudzewicz, 471 U. S. 462, 474 (1985) (citing International Shoe Co. v. Washington, 326 U. S. 310, 316 (1945). As the court in Revell v. Lidov, 317 F.3d 467 (5th C. 2002), noted, "even repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction–in other words, while it may be doing business *with* [Louisiana], it is not doing business *in* [Louisiana]." (Texas in original).

jurisdiction is fair and reasonable. Nuovo Pignone v. Storman Asia M/V, 310 F.3d 374 (5th C. 2002) In order to be held to have purposefully availed itself of the privilege of conducting business, the defendant's conduct must show that it "reasonably anticipates being haled into court" in Louisiana. World Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); Luv N' Care, Ltd. v. Insta-Mix, Inc. et al, 438 F.3d 465 (5th C. 2006).

Because the allegations of the complaint are controverted by defendant's affidavit, the court cannot assume the allegations are true. However, plaintiff has also filed affidavits and therefore the evidence is conflicting; this court must resolve the conflict in favor of the plaintiff for purposes of this motion. Revell v. Lidov, supra. Thus, the torts alleged were directed to the State of Louisiana and were committed in Louisiana based on the evidence now before the court. Therefore, the burden shifts to the defendant to show that the exercise of jurisdiction under these facts is not fair and reasonable considering the five factors suggested in Seiforth v. Helicopteros Atuneros, Inc., 472 F.3d 276 (5th C. 2006). This, defendant has failed to do.

Therefore, I find that the Nuovo Pignone test is met and specific jurisdiction exists.

For the foregoing reasons, because this court has specific personal jurisdiction over the defendant, IT IS RECOMMENDED, that defendant's Motion to Dismiss be DENIED.

**OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have `14 calendar` days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within `14` days after being served with a copy thereof. A courtesy copy of any objection or response or request

for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN** 14 calendar **DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 16th day of April 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE